UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE K. NICHOLS,

        Plaintiff,                    FILE NO. 1:04-CV-329

v.                                    HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security that denied Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") (docket #13), recommending that this Court affirm the Commissioner's decision. The matter presently is before the Court on Plaintiff's objections to the R&R (docket #14). For the reasons that follow, Plaintiff's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

**I.**

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. *Id.*

On review of a social security determination by the Commissioner, the scope of judicial review is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The court may not conduct a *de novo* review of the record, resolve evidentiary conflicts, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Instead, the findings of the Commissioner are conclusive if they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Heston v. Comm'r*, 245 F.3d 528, 534 (6th Cir. 2001). In determining the substantiality of the evidence, a court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).

## II.

Plaintiff raises a number of objections to the R&R. First, Plaintiff asserts that the Magistrate Judge misconstrued 20 C.F.R. § 404.1512(e), which provides in relevant part as follows:

> (e) *Recontacting medical sources*. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

*Id.*; *see also* 20 C.F.R. § 416.912(e). Plaintiff contends that the ALJ was required to request additional information from one of his mental health providers, Dr. Marianne Osentoski.

Plaintiff's contention is unsupported by the law. As the Magistrate Judge correctly concluded, the cited regulation does not require the administrative law judge (ALJ) to recontact medical sources in every case in which a treating physician offers no objective evidence to support his or her opinion. Instead, all of the courts that have reviewed the issue have concluded that the requirement to seek additional information is triggered only when the evidence from the treating source is inadequate to make a determination regarding the claimant's disability. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). The ALJ need not contact the treating physician simply because the physician's opinions are inconsistent with other evidence. *See*

*Simmons v. Barnhart*, No. 02-1539-KAJ, 2004 WL 2323776, at \*6 (D. Del. Oct. 12, 2004). Where there is sufficient evidence in the record for the ALJ to reach a decision, the treating physician need not be contacted. *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004).

In the face of this uniform authority, Plaintiff cites no opposing case law, relying solely on the broad, general principle set forth in *Sims v. Apfel*, 530 U.S. 103 (2000), that social security hearings "are inquisitorial rather than adversarial" and that the ALJ has the duty to investigate facts both for and against granting relief. The Court is persuaded by the reasoning of the cases cited and holds that, because the ALJ had sufficient record evidence to reach a decision, he was not required to re-contact Plaintiff's treating physician to offer her a "second chance" to present supplemental evidence. *See Hodgkins v. Barnhart*, No. 03-179-P-H, 2004 WL 1896996, at \*3 (D. Me. Aug. 25, 2004). This conclusion also is consistent with the general principle that it is the claimant's burden to produce medical records in support of his disability claim. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.3d 211, 214 (6th Cir. 1986). The Court therefore rejects Plaintiff's first objection to the R&R.

Second, Plaintiff argues that the Magistrate Judge erred recommending that the ALJ's assessment of Plaintiff's residual functional capacity (RFC) be upheld. In particular, Plaintiff argues that Social Security Ruling 96-8p, which addresses mental impairments, supports accepting the opinion of Dr. Osentoski regarding the limitations placed on Plaintiff by his mental impairments. He relies on the following portion of Social Security Ruling 96-8p:

> Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions;

>use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting.

*Id.* Plaintiff contends that his mental health specialists demonstrated that he could not cope with changes in his routine work setting and that he needed to work first shift. He therefore asserts that he should have been found unable to perform basic work activities.

I have reviewed both the record and the Magistrate Judge's analysis and find no error. Substantial evidence indicates that, while he had serious impairments that were accepted by the ALJ, Plaintiff had the residual functional capacity to perform the basic mental demands of unskilled work, with certain exertional and non-exertional limitations: that is, "a range of simple unskilled low stress light and medium work that does not involve high production rates, or more than limited contact with the general public." (A.R. 23-25.) On the basis of the whole record, the ALJ properly concluded that Plaintiff's limitations leave him with the ability to perform a significant number of unskilled jobs, including many janitorial, packager, fabricator, and material handler positions. (A.R. 27.) The Court therefore will reject Plaintiff's objection to the Magistrate Judge's conclusion regarding Plaintiff's RFC.

Plaintiff next raises various objections to the weight given the opinion of one of Plaintiff's treating physicians by both the ALJ and the Magistrate Judge. Upon review, the Court concludes that the Magistrate Judge carefully examined Dr. Osentoski's opinion in conjunction with all of the evidence set forth in the record, expressly considering whether Dr. Osentoski's opinion should be given controlling weight under the treating physician rule.

5

*See* 20 C.F.R. § 404.1527(e)(2). The Magistrate Judge properly found that the ALJ had acted in accordance with 20 C.F.R. § 404.1527 in all respects in deciding to give minimal weight to Dr. Osentoski's opinion. The Court has reviewed the Magistrate Judge's analysis in light of the evidence and finds no error. The Court further concludes that, in reaching their decisions, neither the ALJ nor the Magistrate Judge gave undue weight to the testimony of the non-treating physician, Dr. Charles Syrjamak.

Plaintiff also objects that the Magistrate Judge erred in rejecting his claim that the ALJ should have found that Plaintiff was unable to perform the basic mental demands of unskilled work as described in SSR 85–15. Plaintiff's objection is without merit. The Sixth Circuit repeatedly has held that SSR 85-15 does not apply where a claimant suffers from both exertional and non-exertional impairments. *See Hicks v. Comm'r*, No. 03-5507, 2004 WL 1687945, at \*7 (6th Cir. July 27, 2004); *Harpole v. Chater*, No. 96-5702, 1997 WL 3006775, at \*2 (6th Cir. June 5, 1997); *Doneworth v. Shalala*, No. 94-4290, 1996 WL 26922, at \*4 (6th Cir. Jan. 23, 1996). The Court rejects Plaintiff's attempt to cast aspersions on the Magistrate Judge's reason for rejecting Plaintiff's proffer of contrary authority from an Ohio district court. *See Clester v. Apfel*, 70 F. Supp. 2d 985, 990 (S.D. Iowa 1999). The Magistrate Judge properly considered district court authority from another circuit unpersuasive in light of clear and repeated contrary determinations by the Sixth Circuit.

## III.

Having considered each of Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.   A judgment consistent with this opinion shall be entered.


Date:    September 16, 2005           /s/ Robert Holmes Bell
                                                                         ROBERT HOLMES BELL
                                                                         CHIEF UNITED STATES DISTRICT JUDGE